UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SKYFUEL, INC., | ) | Case No. 19-12400-JGR |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN SKYFUEL INC. AND KELLY BENINGA**

SkyFuel, Inc., Debtor, ("SkyFuel" or "Debtor") by and through counsel, respectfully moves this Court to approve a Settlement Agreement between SkyFuel, and Kelly Beninga ("Mr. Beninga") (collectively, the "Parties"). In support, Debtor states as follows:

1. On March 29, 2019, an involuntary petition for relief was filed against Debtor under chapter 11 of Title 11 of the United States Code ("the Bankruptcy code"). *See* ECF No. 1.

2. On April 23, 2019, the Court entered an Order for Relief and Procedure in Involuntary Case. *See* ECF No. 9.

3. On June 27, 2019, the United States Trustee appointed an Official Committee for Unsecured Creditors (the "Committee"). The Committee consist of three unsecured creditors, Wurth Timberline Fasteners, Inc., Wrico Stamping Co. of Texas, and Nathan Schuknecht. *See* ECF No. 46.

4. On December 9, 2020, Mr. Beninga, former CEO, and thereafter a consultant, of SkyFuel, filed an Application for Allowance of Administrative Expenses (the "Application"), asserting an administrative expense claim in the total amount of $13,374.51. *See* ECF No. 277.

5. Thereafter, Debtor objected to Mr. Beninga's Application noting that (1) most of the alleged services were not induced and were unauthorized and/or the corresponding amounts over stated, (2) the services were not necessary to preserve the estate, (3) the allege services were inconsistent with Debtor's books and records, (4) Mr. Beninga had previously self-compensated for the purported services, (5) throughout the course of this litigation Mr. Beninga self-compensated thousands of dollars without authorization by the Debtor, (6) Mr. Beninga submitted untimely invoices, and (7) Mr. Beninga improperly retained company property. *See* ECF No. 285.

6. The Committee also objected to the Application on similar grounds as Debtor and added reservation regarding Mr. Beninga's qualifications as a "professional" within the scope of 11 U.S.C. § 327. *See* ECF No. 288

7. On December 10, 2020, Mr. Beninga filed a Motion for Leave to File a Late-Filed Proof of Claim (the "Leave Motion," and together with the Application, the "Motions"), in the amount of $153, 862.98. *See* ECF No. 279.

8. On December 31, 2020, Debtor objected to the Leave Motion, because, among other reasons, (1) Mr. Beninga had effective notice of the proceedings and bar date, and (2) authorized the designation of his claims as unliquidated. *See* ECF No. 290.

9. The Committee also objected to the Leave Motion on similar grounds. *See* ECF No. 289.

10. A preliminary hearing on the Application and Leave Motion took place on January 14, 2021. *See* ECF No. 281.

11. As a result of January 14, 2021 hearing, an evidentiary hearing was scheduled for March 17, 2021. *See* ECF No. 300.

12. In order to avoid duplication among professionals paid by the estate, the Debtor and Unsecured Creditors Committee agreed that Committee Counsel would take the lead in the settlement negotiations with Mr. Beninga. Thereafter, the Unsecured Creditors Committee, Mr. Beninga, and the Debtor engaged in productive settlement discussions. In resolution of Mr. Beninga's claims relating to the Application and the Leave Motion the Debtor and Mr. Beninga entered into a written Settlement Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated as **Exhibit 1**. The Committee consents to the Settlement and will withdraw its objections to the Motions within five business days after entry of an Order approving the Agreement.

13. Under the terms of the Agreement, Debtor, in exchange for a full and complete release from Mr. Beninga of the Debtor and its affiliates, agreed to stipulate that Mr. Beninga has a total allowed unsecured claim in the amount of $69,827.55 ("the Allowed Beninga Claim"). The Allowed Beninga Claim will constitute Mr. Beninga's sole allowed claim against the Debtor.

14. The above description represents a summary of the Agreement entered into between the Debtor and Mr. Beninga. The Parties should refer to the Agreement for a complete understanding of the terms and conditions of the Agreement. Any inconsistency between the Agreement and the summary herein shall be resolved by reference to the terms of the Agreement.

15. The Debtor believes that the settlement on the terms and conditions set forth herein is the best interest of the estate.

WHEREFORE, the Debtor respectfully request that the Court approve the Agreement and grant such relied as the Court deems appropriate.

Dated this 7th day of April, 2021.	AKERMAN LLP

　　　　　　　　　　　　　　　　　　　　　　/s/ Amy M. Leitch
David W. Parham, SBN: 15459500
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:   (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
*and*
Amy M. Leitch, #46837
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone:   (904) 798-3700
Facsimile:    (904) 798-3730
amy.leitch@akerman.com

COUNSEL FOR DEBTOR

57475906;1