# Exhibit 1

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into by and between SKYFUEL, INC., ("SKYFUEL"), on the one hand, and KELLY BENINGA, an individual ("MR. BENINGA"), on the other hand (collectively, the "Parties").

## W I T N E S S E T H:

**WHEREAS,** on March 29, 2019, an involuntary petition for relief was filed against SkyFuel under chapter 11 of Title 11 of the United States Code ("the Bankruptcy code"). *See* United States Bankruptcy Court for the District of Colorado, Case No. 19-12400 JGR; ECF No. 1;

**WHEREAS,** on December 9, 2020, Mr. Beninga, former CEO, and thereafter a consultant, of SkyFuel, filed an Application for Allowance of Administrative Expenses (the "Application"), in the amount of $13,374.51 (*see* ECF No. 277);

**WHEREAS,** on December 10, 2020, Mr. Beninga filed a Motion for Leave to File a Late-Filed Proof of Claim (the "Leave Motion"), in the amount of $153,862.98 (*see* ECF No. 279);

**WHEREAS**, SkyFuel objected to both the Application and the Leave Motion (*see* ECF Nos. 285, 290) and the Official Committee of Unsecured Creditors (the "Committee") also objected to both the Application and the Leave Motion (*see* ECF Nos. 288-89);

**WHEREAS**, a preliminary hearing on the Application and Leave Motion took place on January 14, 2021 (*see* ECF No. 281) and as a result of January 14, 2021 hearing, an evidentiary hearing was scheduled for March 17, 2021 (*see* ECF No. 300), and thereafter, the Parties engaged in productive settlement discussions; and

**WHEREAS**, the Parties do now desire and hereby resolve to fully, completely, and finally settle any and all asserted and unasserted disputes, differences, claims, charges, suits, causes of action, allegations, and issues that do or may exist between them, as to all issues related to the Application and Leave Motion or otherwise related to the Bankruptcy, through the Effective Date (defined below) of this Agreement;

**NOW THEREFORE**, in consideration of the covenants herein contained, which each of the Parties hereto hereby acknowledges constitute good, valuable, and sufficient consideration, the Parties, intending to be legally bound, do hereby agree to a settlement pursuant to the following terms and conditions:

1. *Recitations*: The above recitals are true and correct and are incorporated herein as material parts of this Agreement.

1

57475919;1

2. *__Effective Date__*:  The Parties agree that the Effective Date of this Agreement is the last date set forth on the signature page.

3. *__Releases__*: Upon entry of a final and non-appealable order approving this Agreement, Mr. Beninga, his successors, heirs, assigns and agents, hereby release SkyFuel, its officers, directors, shareholders, affiliates, and counsel of and from any and all claims, actions or causes of action, whether known or unknown, whether asserted or unasserted by Mr. Beninga in the Application and the Leave Motion, existing as of this date and in any way related to the Debtor, the Debtor's business or the Debtor's bankruptcy case. SkyFuel, its officers, directors, shareholders, affiliates, and counsel also hereby release Mr. Beninga, his successors, heirs, assigns, and agents from any claims, actions, or causes of action, whether known or unknown, whether asserted or unasserted by SkyFuel in its objections to the Application and the Leave Motion, existing as of this date and arising under chapter 5, title 11 of the United States Code.

4. *__Consideration__*:  In settlement and exchange for a full and complete release from Mr. Beninga as set forth in Paragraph 3, SkyFuel stipulates that Mr. Beninga shall have a total allowed unsecured claim in the amount of $69,827.55 (the "Consideration").  Pursuant to the release granted above, this shall be the only claim that Mr. Beninga shall have against the Debtor's estate.

5. *__No Admission Of Liability Or Wrongdoing__*:  This settlement and Agreement are not intended to be, nor shall they be, deemed evidence or an admission of either liability or wrongdoing by the Parties.  Instead, this settlement and this Agreement are a compromise of disputed claims and have been entered into by the Parties solely for the purpose of avoiding the costs and inconvenience of further litigation.

6. *__Entire Agreement__*:  This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings, both written and oral, between the Parties pertaining to the subject matter hereof. The Parties are not relying on any representation or promise not set forth herein in executing this Agreement, regardless of knowledge or intent at the time any such representation or promise was made.  Except as to representations expressly made in this Agreement, if after execution of this Agreement any fact is found to be other than, or different from, the facts now believed by the Parties to be true, the Parties expressly accept the risk of such possible difference in fact and agree that this Agreement shall be and remain effective notwithstanding such difference in fact.

7. *__Construction Of Agreement__*:  The terms of this Agreement are contractual and not mere recitals and no other contract, promise, or inducement has been made by any party other than as set forth herein. This Agreement is the sole agreement of the Parties, on the matters set forth herein, all other prior written or oral agreements being expressly merged herein as the Parties' final expression of their agreement.  In the event of conflict between this Agreement and any alleged oral agreement, this Agreement shall control.  Counsel for each of the Parties has had

an active role in the drafting of the provisions of this Agreement such that they shall not be construed more strictly against any Party as the drafter.

8. ***Agreement Voluntarily Executed***: Each Party states and acknowledges that he or it has entered into this Agreement of his, her or its own free will, and this Agreement is the product of arms' length negotiations between sophisticated parties of equal bargaining power, that he, she, or it has had the opportunity to consult an attorney or other advisor prior to executing this Agreement, and that he, he or it fully understands and agrees with all of the terms of this Agreement. Each of the Parties acknowledges he/she/it has had a sufficient amount of time to consider this Agreement, in accordance with all federal and state laws, and to freely consult counsel of its choosing prior to executing this Agreement.

9. ***Modification***: No change, modification, or waiver of any provision of this Agreement or any exhibit hereto shall be valid or binding unless it is in writing and signed by all Parties to this Agreement.

10. ***Agreement Is Binding***: Upon approval by the Bankruptcy Court, this Agreement shall be binding upon all Parties and their respective successors, heirs, assigns, representatives, agents, attorneys, and accountants.

11. ***No Further Consideration***: The Parties acknowledge and agree that no consideration, other than as set forth in this Agreement, has been or will be furnished.

12. ***Governing Law and Jurisdiction***: This Agreement shall be deemed to be made, executed and entered into in the State of Colorado, and shall in all respects be interpreted, enforced and governed under the laws of the State of Colorado, without giving effect to any conflict of laws principles. The Parties expressly consent to the exclusive jurisdiction and exclusive venue of any Court of competent jurisdiction in Colorado, and all Parties waive any defense of lack of personal jurisdiction in Colorado. The Parties hereto agree that, in any suit, action, or proceeding based in tort or in contract brought by any of the Parties hereto in connection with any matters whatsoever arising out of, under or in connection with the terms of this Agreement, each of the Parties hereto shall and do hereby waive trial by jury to the fullest extent permitted by law.

13. ***Selective Enforcement***: The Parties agree that the failure of a Party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

14. ***Waiver***: The waiver by any Party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party, nor shall any waiver operate or be construed as a rescission of this Agreement.

3

57475919;1

15. ***No Assignment***: The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

16. ***Enforceability; Severability***: Wherever possible, each portion of this Agreement shall be interpreted in such a manner as to be valid, effective and enforceable under the applicable law. If any portion of this Agreement is held to be invalid by a court of competent jurisdiction under the terms hereof, such provision shall be severed herefrom and such invalidity shall not affect any other portion of this Agreement, the balance of which shall remain in, and have its intended, full force and effect. To the extent any provision herein is deemed to be illegal, invalid, or unenforceable, the Parties agree to amend the relevant provision(s) to comply with the applicable law or rule and to fulfill the essential terms and spirit of the Parties' agreement, and to fully incorporate the revised or amend provision(s) into this Agreement.

17. ***Attorneys' Fees And Costs***: The Parties shall each be responsible for their own costs and expenses, including the cost of legal counsel, for the negotiation, preparation and execution of this Agreement. The Parties further agree that, in the event of any litigation arising pursuant to, or in connection with, enforcement of any provision of this Agreement, the prevailing party shall be entitled to an award of all attorneys' fees and costs expended, incurred and/or billed to enforce this Agreement, including all attorneys' fees and costs for appeals.

18. ***Execution***: The execution of this Agreement in counterparts by the Parties shall be binding and enforceable, conditioned only upon approval by the Bankruptcy Court.

19. ***Copy of Agreement Valid***: The Parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing.

**IN WITNESS WHEREOF**, we have hereunto set our hands and seals to this instrument on the dates listed below.

| | |
|---|---|
| **SKYFUEL, INC.** | **KELLY BENINGA, INDIVIDUALLY** |
| By: _/s/ Greg Marty_<br>GREG MARTY, Consultant | By: _____<br>KELLY BENINGA |
| Date: April 7, 2021 | Date: April 7, 2021 |

15. ***No Assignment***: The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

16. ***Enforceability; Severability***: Wherever possible, each portion of this Agreement shall be interpreted in such a manner as to be valid, effective and enforceable under the applicable law. If any portion of this Agreement is held to be invalid by a court of competent jurisdiction under the terms hereof, such provision shall be severed herefrom and such invalidity shall not affect any other portion of this Agreement, the balance of which shall remain in, and have its intended, full force and effect. To the extent any provision herein is deemed to be illegal, invalid, or unenforceable, the Parties agree to amend the relevant provision(s) to comply with the applicable law or rule and to fulfill the essential terms and spirit of the Parties' agreement, and to fully incorporate the revised or amend provision(s) into this Agreement.

17. ***Attorneys' Fees And Costs***: The Parties shall each be responsible for their own costs and expenses, including the cost of legal counsel, for the negotiation, preparation and execution of this Agreement. The Parties further agree that, in the event of any litigation arising pursuant to, or in connection with, enforcement of any provision of this Agreement, the prevailing party shall be entitled to an award of all attorneys' fees and costs expended, incurred and/or billed to enforce this Agreement, including all attorneys' fees and costs for appeals.

18. ***Execution***: The execution of this Agreement in counterparts by the Parties shall be binding and enforceable, conditioned only upon approval by the Bankruptcy Court.

19. ***Copy of Agreement Valid***: The Parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing.

**IN WITNESS WHEREOF**, we have hereunto set our hands and seals to this instrument on the dates listed below.

| | |
|---|---|
| **SKYFUEL, INC.** | **KELLY BENINGA, INDIVIDUALLY** |
| By:_____ | By:_____ |
| GREG MARTY, Consultant | KELLY BENINGA |
| Date: April 7, 2021 | Date: April 7, 2021 |

4